**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT EASTMAN II, et. al.,

        Plaintiff(s),                CASE NO.: 2:05-CV-74089

vs.                                    HON. ARTHUR J. TARNOW
                                    MAG. JUDGE STEVEN D. PEPE

AMERISTEP BLINDS, INC., et. al.,

        Defendant(s).
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS (DKT. #37)

Plaintiff's motion to compel was referred to the undersigned for hearing and determination. A telephonic hearing was held on June 14, 2007, and for the reasons stated below, Plaintiff's motion is DENIED.

Discovery closed in this matter on November 17, 2006. The scheduling order states that all discovery must be completed by November 17, 2006, the Court will order no discovery to take place after that date and that all discovery motions must be filed by October17 (Dkt. # 42-2). Plaintiff argues that the December 18, 2006, deposition notices for Mr. Ransom, Ameristep and Ameriblinds should be honored because (a.) he informally requested these depositions prior to discovery cutoff, (b.) the parties verbally agreed to extend the discovery period 30 days and (c.) Defendants did not object to these notices on the basis of discovery being closed.[1]

Defendants argue that there was no stipulated extension to the discovery cutoff. Plaintiff proffered as evidence of the stipulation the fact that Defendants took the depositions of Eastman

---

[1] Defendants objected to the proposed dates for the depositions due to scheduling conflicts (Dkt. 37-4).

Outdoors and Plaintiff's expert Bruce Main outside the discovery period.

Defendants counter that the December 7, 2006, deposition of Eastman Outdoors took place outside the discovery period not due to an extension, but because the original September 20, 2006, deposition notice, scheduling the deposition for October 3, 2006, was cancelled when Plaintiffs failed to produce requested documents that were essential to conduct a meaningful deposition. This deposition was then rescheduled for October 19, 2006, October 26, 2006, November 16, 2006, and November 22, 2006 – with Plaintiff on each occasion failing to produce the deponent.

As for the December 14, 2006, deposition of Bruce Main, Defendants argue that the existence of the report from this expert was revealed for the first time in connection with the deposition of Eastman Outdoors and Defendants immediately served Plaintiffs with a notice for the deposition of Mr. Main.

Plaintiffs did not renotice the depositions at issue until March 26, 2007, for April depositions. In the meantime, Defendants filed a dispositive motion on February 28, 2007.

Fed. R. Civ. P. 29 requires *written* stipulation in order to modify the limitations placed on discovery, precisely to avoid the present situation where conflicting recollections or interpretations of verbal communications are all that is presented for the court's use in making a determination. Plaintiff's counsel did mention that he could proffer his notes of the conversation(s) at issue and corresponding billing records, but these items do suffice to show concurrence. In the past the undersigned has excepted written exchanges confirming agreements to extend discovery as sufficient proof, but this is apparently not available in this matter.

Therefore, because Judge Tarnow's order set clear deadlines, it is undisputed that Plaintiff did not serve Fed. R. Civ. P 30(b)(1) compliant notice of the desired depositions prior to

discovery cutoff and there is insufficient evidence to support Plaintiff's argument that the parties agreed to extend the deadline, Plaintiffs's motion is DENIED.

Dated: June 15, 2007                                              s/ Steven D. Pepe
                                                                  United States Magistrate Judge


**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: Donald C. Darnell, Paul J. Johnson, Marshall G. MacFarlane, Craig A. Redinger, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: not applicable

                                                                  s/ James P. Peltier
                                                                  Courtroom Deputy Clerk
                                                                  U.S. District Court
                                                                  600 Church St.
                                                                  Flint, MI 48502
                                                                  810-341-7850
                                                                  pete_peltier@mied.uscourts.gov